GAUDIN, Judge.
Appellant Dennis J. Armstrong’s home in Abita Springs, Louisiana, was destroyed by fire on January 7, 1979. The house was insured by appellee State Farm Fire and Casualty Company, which made certain payments under terms and conditions of the policy.
Armstrong, contending that he was never paid for loss of personal belongings, instituted suit on March 12,1980, approximately a year and two months subsequent to the loss.
State Farm filed an exception of prescription, which was maintained in the district court and the suit dismissed. It is from this adverse judgment that Armstrong has appealed, contending that the one-year prescriptive period was interrupted by:
(1) An acknowledgement of the debt by State Farm, and
(2) Armstrong’s reliance on an adjuster’s promise to pay for personal belongings as soon as a list of lost items could be prepared and submitted to State Farm.
The trial judge did not agree with either contention, nor do we.
The State Farm policy had been in effect for three weeks when the loss occurred. Armstrong filed a proof of claim on February 22, 1979, and State Farm then paid $20,000.00 to St. Tammany Homestead Association, the mortgage holder, and $3,000.00 to Armstrong for incidental damages and living expenses.
Armstrong testified that he was advised by adjuster Rick Norton that “... the sooner I got my personal property report in, the sooner the case would be settled.”
There was a delay in the preparation of the list, and questions arose concerning the source of the fire. Armstrong was asked to submit to a deposition in the office of State Farm’s attorney, and he did so on May 17, 1979. Following the deposition, there was no further attempt by State Farm to contact Armstrong, and no further attempt by Armstrong to contact State Farm.
The record does not indicate that a proof of claim form listing Armstrong’s personal items was ever tendered to State Farm.
Appellant cites Flowers v. United States Fidelity and Guaranty Company, 381 So.2d 378 (La.1979), but the Flowers facts and circumstances are distinguishable from Armstrong’s. In Flowers, settlement negotiations were continual while State Farm and Armstrong had no contact after the May 17, 1979, deposition.
State Farm, after making the initial payments to the homestead and to Armstrong, did not acknowledge further responsibility except possibly for the adjuster’s representations. But if the adjuster did suggest that State Farm would make further payments (for personal belongings), the assurance was made before May 17,1979, and at least eight months in advance of prescription.
*489 On February 21, 1979, a State Farm representative wrote to Armstrong’s attorney and advised that State Farm would not waive any of the policy provisions; and on May 17, 1979, when Armstrong was deposed, he (Armstrong) admitted that no promises to pay were then made.
There is a one-year prescription written into the policy, in accord with LSA-R.S. 22:691, which, in part, reads:
“No suit or action on this policy for the recovery of any claim shall be sustainable in any court ... unless commenced within 12 months next after the inception of the loss.”
One of the witnesses who testified was insurance agent James Cutrer, who said that Armstrong told him "... that he had let the year run out ... he had just fooled around and let his time expire.”
As there was no contact between Armstrong and State Farm after May 17, 1979, the insurance company obviously did not acknowledge further responsibility nor did it do anything to mislead Armstrong or lull him into not timely filing his suit.
We cannot say that the trial judge committed reversible error by maintaining the exception of prescription, and we affirm the district court’s judgment.
AFFIRMED.